**Harbhajan RANDHAWA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71713.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Dec. 6, 2004.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Colette J. Winston, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, BRUNETTI, and GRABER, Circuit Judges.

## MEMORANDUM *

■ The BIA abused its discretion by dismissing Randhawa's motion to reopen. Randhawa complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and can thus bring a claim of ineffective assistance of counsel. His former attorney's ineffective assistance amounts to a deprivation of due process in violation of Randhawa's Fifth Amendment rights. We reverse the BIA and remand for a hearing on the merits of Randhawa's asylum claim.

The BIA abused its discretion in finding that Randhawa failed to comply with *Matter of Lozada*, 19 I. & N. Dec. at 639. The BIA found that Randhawa failed to inform his former attorney, Mr. Ahluwalia, of several accusations that constituted ineffective assistance of counsel. These accusations were properly communicated to Ahluwalia in a letter sent by certified mail on April 15, 2000. This letter referenced and contained an affidavit that adequately warned Ahluwalia of all potential claims against him.

■ Ahluwalia's ineffective assistance amounts to a deprivation of due process in violation of Randhawa's Fifth Amendment rights. In the context of removal actions, such a deprivation exists when "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002) (citation omitted). Here, Ahluwalia communicated the wrong hearing date to Randhawa. As a result of this error, Randhawa was prevented from offering *any* evidence in support of his asylum claim.

■ Randhawa was prejudiced by Ahluwalia's error. Prejudice exists when "the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999). Again, Ahluwalia's error prevented Randhawa from offering *any* evidence in support of his asylum claim. This evidence was not insubstantial or clearly inadequate. Randhawa claimed that he gave several public speeches in connection with the All India Sikh Student Federation. His claims of police abuse were detailed and supported by six other affidavits.

■ This Fifth Amendment violation obviates the need to comply with the statutory limitations on motions to reopen that Randhawa might have violated. 8 U.S.C. § 1229a(b)(5)(C)(i) (motion to reopen on the basis of exceptional circumstances must be made within 180 days); 8 U.S.C. § 1229a(c)(6)(A) ("alien may file one motion to reopen").

**PETITION GRANTED, REMANDED with instructions.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.